**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TEXAS EASTERN TRANSMISSION, LP,**

      **Plaintiff,**

      v.

**LANA J. BARACK, et al.,**

      **Defendants.**

**Case No. 2:14-cv-0336
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King**

## ORDER

This matter is before the Court for consideration of the motion for a temporary restraining order, preliminary injunction and/or permanent injunction filed by Plaintiff, Texas Eastern Transmission, LP. (ECF No. 2.) Subsequent to the filing of this motion, the Court held a S. D. Ohio Civ. R. 65.1(a) conference on April 11, 2014. Counsel for Plaintiff participated by telephone. Defendants Lana J. Barack and Roger Barack were duly informed of the filing of Plaintiff's Complaint (ECF No. 1), Motion (ECF No. 2), and Amended Complaint (ECF No. 4), as well as the scheduling of the S. D. Ohio Civ. R. 65.1 conference (ECF No. 5). Defendants did not participate in the conference; however, Defendant Roger Barack's administrative assistant was permitted to listen to the conference and was instructed by the Court to inform Defendants of the contents of the conference and that if Defendants oppose Plaintiff's motion, Defendants had until 4:00 p.m. on April 11, 2014, to submit a memorandum in opposition to Plaintiff's motion. This Court's April 11, 2014 Order reflecting the same was sent to Defendants by email on April 11, 2014. (ECF No. 6.) Per this Court's April 11, 2014 Order, Plaintiff's motion is decided on paper and without oral hearing. (*Id.*)

Plaintiff seeks a temporary restraining order, preliminary, and/or permanent injunction to enjoin Defendants from further denial of and interference with Plaintiff's statutory right, pursuant to the Natural Gas Act (15 U.S.C. §§ 717–717w) (the "NGA") and Ohio Revised Code § 1723.01 and § 163.03, to enter upon and conduct survey activities on Defendants' property. Plaintiff, a natural gas pipeline company, is planning to construct a 30-inch gas pipeline in parts of Ohio, and the plan is for the pipeline route to traverse Defendants' property.  Relating to its pipeline project, Plaintiff has an application pending before the Federal Energy Regulatory Commission ("FERC") for a Certificate of Public Convenience and Necessity.  In order for Plaintiff's FERC application to be approved, Plaintiff must conduct a variety of surveys and other examinations of the affected properties, including Defendants' property, and must submit any relevant information to FERC.

Of immediate urgency is the need for Plaintiff to conduct federally mandated environmental studies relating to certain bat species on or around Defendants' property prior to April 21, 2014.  Plaintiff may also be required to conduct additional surveys and examinations of the property, including but not limited to environmental and archaeological impact studies/surveys. Per Ohio Revised Code § 163.03, Plaintiff has provided Defendants with notice of its intent to enter the property in order to conduct necessary surveys and studies.  Defendants have denied Plaintiff access to the property.

Via email, Defendant Roger Barack has copied this Court on a letter directed to Plaintiff's counsel.  (ECF No. 7.)  Although he addresses in this letter a professed inability to obtain counsel in time—and although he certainly makes some good points regarding the timing of the motion for injunctive relief—Defendant Roger Barack does not address the substantive

merits of Plaintiff's argument for injunctive relief. It appears that Defendants intend for this letter to serve as their memorandum in opposition to the motion.

## I. Standard Involved

In deciding whether to issue a temporary restraining order and/or preliminary injunction, this Court must consider the following factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant has demonstrated irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest is served by the issuance of an injunction. *See Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). All four factors need not be met; rather, they are to be considered in balance. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). Although the four factors must be balanced, the first factor—likelihood of success on the merits—is traditionally of the greatest importance. *See Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978).

## II. Analysis

Ohio Revised Code § 163.03 states that "[a]ny *agency* may, upon the notice prescribed in this section, prior to or subsequent to the filing of a petition [to appropriate land], enter upon any lands . . . and premises for the purpose of making such surveys, soundings, drillings, appraisals, and examinations as are necessary or proper for the purpose of the agency under sections 163.01 to 163.22, inclusive, of the Revised Code, and such entry shall not constitute a trespass." (Emphasis added.) An "agency" that has the authority to enter upon lands to conduct such surveys and other examinations includes a private company that is authorized by law to appropriate property in the courts of Ohio. *See* Ohio Rev. Code § 163.01(B). Agencies that have the right to appropriate property in Ohio include companies that are organized for the

purpose of transporting natural or artificial gas through tubing, pipes, or conduits.  *See* Ohio Rev. Code § 1723.01.

Plaintiff is a company organized for the purpose of transporting natural or artificial gas through tubing, pipes, or conduits.  Accordingly, Plaintiff is an agency that has the power of eminent domain.  In turn, Plaintiff is permitted pursuant to Ohio Revised Code § 163.03 to enter upon lands or premises for the purpose of conducting necessary surveys, soundings, drillings, appraisals, and examinations.  In order to do so, Plaintiff must provide the property owner with at least forty-eight hours and no more than thirty days' notice of such entry.  Ohio Rev. Code § 163.03.  Here, Plaintiff provided Defendants with such notice, but Defendants refused Plaintiff access to the property.

In light of the above, the Court finds that Plaintiff has established a strong likelihood of success on the merits.  In addition, Plaintiff has demonstrated that it will sustain irreparable injury if its motion is not granted.  Any further delay in conducting the requisite bat surveys and other upcoming environmental surveys/studies will severely impact Plaintiff's obligations under its pending FERC application.  The granting of this temporary restraining order and preliminary injunction will not cause substantial harm to Defendants or others.  Indeed, if any actual harm is caused to Defendants' property, Plaintiff is obligated under Ohio Revised Code § 163.03 to make restitution for the harm.  Finally, the public interest will be served by the granting of a temporary restraining order and preliminary injunction.  Plaintiff's project will purportedly help supply energy to consumers in the eastern United States, and Plaintiff is simply comporting with the conservation objectives of the Endangered Species Act and the regulatory objectives of FERC in conducting the surveys and other examinations of Defendants' property.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for a temporary restraining order and preliminary injunction. (ECF No. 2.) Defendants are preliminarily enjoined from interfering with the surveying, appraising, and conducting of any necessary examinations of and activities on Defendants' property, as permitted by Ohio Revised Code § 163.03. Upon the posting of a $10,000.00 bond pursuant to Federal Rule of Civil procedure 65(c), Plaintiff is granted immediate access to Defendants' property for the purpose of conducting any such surveys, soundings, drillings, appraisals, and examinations as are necessary or proper, as permitted by Ohio Revised Code § 163.03.

**IT IS SO ORDERED**.

                                                          /s/ Gregory L. Frost
                                                    GREGORY L. FROST
                                                    UNITED STATES DISTRICT JUDGE